

## Joseph & Norinsberg LLC
### Fighting for Employee Justice

**Queens Office**
69-06 Grand Avenue, 3rd Floor
Maspeth, New York 11378

**Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1515 Market Street, Suite 1200
Philadelphia, Pennsylvania 19102
**Diego O. Barros, Esq.**

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

July 19, 2024

*Via ECF*
The Honorable Jessica G. L. Clarke
United States District Judge

**MEMO ENDORSED**

Re:     ***Qiuhua Zhuo v. Heydari, Inc., et al.***
        ***Docket No.: 23-CV-03247 (JGLC)***

Dear Judge Clarke:

As you are aware we represent Plaintiff Qiuhua Zhuo in the above-referenced civil action. We are writing in accordance with Rule 4(k) of Your Honor's Individual Practices to request a discovery conference. Following extensive discussions between the parties, an impasse has been reached. The primary issue revolves around Defendants' consistent failures, such as ongoing delays in producing necessary discovery, failure to address deficiencies in responses to initial discovery demands and interrogatories. Based on the challenges faced during the discovery process, the Plaintiff respectfully seeks a final extension of the fact discovery deadline from the current date of July 31, 2024, to September 30, 2024.

Additionally, Plaintiff respectfully requests leave to file a Motion for modification of the Scheduling Order to allow Plaintiff to file her first Amended Complaint.

### I.     DISCOVERY ISSUES

*Relevant Background*

On October 11, 2024,  the parties participated in settlement conference before Magistrate Judge Sarah L. Cave (ECF Dkt. No. 30) but were unable to reach a settlement.  Subsequently, the deadline for fact discovery was extended from October 26, 2023, to December 29, 2023 (ECF Dkt. No. 31). Depositions for Plaintiff and Defendant Zhongxin Wang ("Mr. Wang") were scheduled in November 2023, with the Plaintiff's deposition taking place on December 1, 2023.

*Discovery Issues*

The subsequent sequence of events underscores the persistent delays and lack of collaboration from the Defendants.  A week prior to Mr. Wang's scheduled deposition, Defendants' counsel cancelled Mr. Wang's deposition and informed undersigned that Mr. Wang had a family emergency. Defendants' counsel also informed us that Defendant Miriam Heydari

("Ms. Heydari") was unavailable for deposition in December due to ongoing health issues. On December 7, 2023, Defendants appraised Court of these developments in request for extension of deadline for fact discovery from December 29, 2023 to February 29, 2024 (ECF Dkt. No. 33) which Court approved.

On December 21, 2023, Plaintiff served Defendants with comprehensive discovery deficiency letter, highlighting deficiencies in document production and responses to document requests and interrogatories (**Exhibit A**). Parties, through counsel, held multiple subsequent telephonic conferences, earliest of which were on January 4, January 16 and February 2. These initial meet-and-confers resulted in Defendants' production of documents and agreement that Defendants rectify deficient responses to Plaintiff's initial demands and produce same in advance of depositions of Defendants Mr. Wang and Ms. Heydari.

On March 29, 2024, Plaintiff conducted deposition of Defendant Mr. Wang. Defendants failed to provide Plaintiff agreed upon discovery responses in advance of Mr. Wang's deposition. Prior to deposition, on March 11 and March 28, 2024, undersigned followed up with Defendants without receiving any response (**Exhibit B**). Defendants appraised Court of these developments and requested extension of deadline for fact discovery from February 29, 2023 to April 30, 2024 (ECF Dkt. No. 35).

In April of 2024, Plaintiff made multiple attempts to schedule Defendant Ms. Heydari's deposition. In response, Defendants' counsel informed Plaintiff that Ms. Heydari would not be able to be deposed in April due to her continuing health issues. Moreover, Defendants' counsel informed Plaintiff that he was unavailable to from May 23, 2024 to June 16, 2024 (**Exhibit C**). On April 29, 2024, Defendants requested extension of time to end of discovery from December 29, 2023 to July 31, 2024 to conduct depositions of Defendants (ECF Dkt. No. 37).

On June 22, 2024, at Plaintiff's request, parties met and conferred about outstanding discovery and Court's April 30, 2024 Order stating that no further discovery extension will be granted. As a result, Defendants agreed to provide firm date for Ms. Heydari's deposition and prior to deposition provide responses addressing deficiencies outlined in Plaintiff's deficiency letter and responses to Plaintiff's Post EBT demands dated April 1, 2024 (**Exhibit D**). On July 16, 2024, Plaintiff conducted deposition of Defendant Ms. Heydari. Defendants failed to provide Plaintiff agreed upon discovery responses in advance of Ms. Heydari's deposition. (**Exhibit E**).

Despite months of painstaking effort to force Defendants to comply with their discovery obligations and to address these issues, lack of cooperation and timely responses has hindered progress of discovery, forcing Plaintiff to file instant request. Despite multiple reminders and warnings of potential motions to compel, Defendants have not taken sufficient measures to resolve situation. Consequently, Plaintiff respectfully requests discovery conference with Court to compel Defendants to provide discovery responses addressing deficiencies outlined in Plaintiff's deficiency letter and to produce relevant documents by firm deadlines set by Court. Absent Court intervention, Plaintiff has no confidence that Defendants will meaningfully engage in discovery any more than they already have - - which has been limited to producing only most routine of documentary evidence involving timesheets and payroll records.

Additionally, due to ongoing delays, Plaintiff also respectfully requests an extension of fact discovery deadline from July 31, 2024, to September 30, 2024.  This is the sixth request for extension of deadline for fact discovery in this matter.

## II.    PLAINTIFF HAS SHOWN GOOD CAUSE UNDER FEDERAL RULE 16(B) FOR MODIFICATION OF THE SCHEDULING ORDER.

***The Proposed Amended Complaint***

As detailed above, Defendants have not been compliant with Discovery requests. Specifically, there have been delays in providing essential discovery responses and only recently, on July 16, 2024, Defendant Ms. Heydari was made available for a deposition. During the deposition, Ms. Heydari testified that her clothing brand, Heydari Fashion, has been associated with various corporate entities over time. She further testified that her business is also managed by her husband and son. Ms. Heydari testified that different corporate entities are established to operate distinct aspects of Heydari Fashion, including the online store, retail store, wholesaler, and office/factory. Particularly, Ms. Heydari testified that Defendant Heydari, Inc. has not been utilized for business operations since around 2018. Instead, Women Clothing Wholesale, Inc. and Heydari NY, LLC are currently utilized for running her business. A business that Plaintiff faithfully served as a seamstress for over 15 years. Consequently, these entities are deemed essential parties to this case and should be included as Defendants.

***Plaintiff has shown "good cause***

Here, Plaintiff has shown "good cause" under the FRCP 16(b) standard, as she has acted diligently in both pursuing discovery and amending her Complaint in a timely manner. "Good cause means that the schedule cannot reasonably be met despite that party's diligence." Fed. R. Civ. P. 16 Advisory Committee Notes, Subdivision (b)(1983 Amendment); see Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997). "The Supreme Court chose the "good cause" standard over a "manifest injustice" or "substantial hardship" test in order to give district courts more flexibility to permit late-filed motions when appropriate." Fed. R. Civ. P. 16, Advisory Committee Notes, Subdivision (b) (1993 Amendment); Julian v. Equifax Check Servs., Inc., 178 F.R.D. 10, 14 (D. Conn. 1998) (same).

Here, Plaintiff has demonstrated good cause because, despite her best effort, Plaintiff could not have sought leave to file the proposed amendment until after February 16, 2024 – the date of the deposition of the owner of Heydari Fashion Defendant Ms. Heydari – due to the purposeful concealment on the part of Defendants. See Perez v. MVNBC Corp., No. 15 Civ. 6127 (ER), 2016 WL 6996179, at *4 (S.D.N.Y. Nov. 29, 2016) (finding "no lack of diligence" by plaintiffs, even when the sought information was publicly available, given "potential confusion" from the publicly available information and the lack of defendants' response to discovery requests).

The holding in Perez is not unique. Courts in this district have consistently held that where defendants conceal facts from plaintiff during the discovery period, and plaintiff then moves to amend the complaint only after learning of the previously concealed facts after the deadline in the scheduling order, defendants cannot justifiably claim that plaintiff lacks "good cause" under Rule 16(b). See, e.g., Salomon v. Adderley Indus., Inc., 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (noting that plaintiffs' proposed amendment to add parties upon learning of additional facts through discovery—and after scheduling order deadline—did not constitute a failure of diligence); Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 148–49 (S.D.N.Y. 2012) (finding diligence and allowing amendment filed two months after facts allegedly learned during discovery; Permatex, Inc. v. Loctite Corp., No. 03 Civ. 943 (GWG), 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff exhibited diligence by moving to amend less than two months after deposition that brought new information to light).

Moreover, in the same week that Defendant Heydari provided testimony regarding the corporate entities involved in the operation of her business, namely Women Clothing Wholesale, Inc. and Heydari NY, LLC, the Plaintiff also requested permission to amend the complaint. See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., 318 F.R.D. 28, 37 (S.D.N.Y. 2016) ("Where delayed discovery prevented a party from discovering facts sufficient to support a cause of action, a party must show that it acted diligently upon learning the new facts").

### III. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND UNDER FRCP 15(A) AS THERE ARE NO ISSUES OF FUTILITY, BAD FAITH, UNDUE DELAY, OR UNDUE PREJUDICE TO DEFENDANTS

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] While courts have broad discretion in deciding whether to grant motions to amend, the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). The party opposing amendment bears the burden of demonstrating good reason for denial. See Speedfit, LLC v. Woodway USA, Inc., 2015 U.S. Dist. LEXIS 142132 (E.D.N.Y. 2015); Rice v. Resurgent Capital Servs., L.P., 2017 U.S. Dist. LEXIS 20932 (E.D.N.Y. 2017).

**A. Defendants Cannot Show Undue Delay or Dilatory Motive.**

Defendants will not be able to meet their burden of showing undue delay or dilatory motive. The same week of the deposition of Defendant Ms. Heydari who identified Women Clothing Wholesale, Inc and Heydari NY LLC as entities used to operate Heydari Fashion, Plaintiff moved to amend to add the identified entities as Defendants. Accordingly, neither undue delay nor dilatory motive can be established here by Defendants. See Enzymotec, 754 F. Supp. 2d at 538 (E.D.N.Y. 2010) (holding that party did not exhibit undue delay or bad faith in bringing motion to amend complaint filed against manufacturer nine months after scheduling order deadline, where "Enzymotec apparently obtained knowledge of the alleged breaches of the exclusive supply agreements shortly before filing the motion."); Rice v. Resurgent Capital Servs., L.P., 2017 U.S. Dist. LEXIS 20932, at *26-27 (E.D.N.Y. 2017) (plaintiff's amendment nearly nine months after filing complaint and after completing discovery were insufficient grounds alone to deny plaintiff's motion to amend); Speedfit LLC v. Woodway USA, Inc., 2015 U.S. Dist. LEXIS 142132, at *4 (E.D.N.Y. 2015); Purdy v. Town of Greenburgh, 166 F. Supp. 2d 850, 859-60 (S.D.N.Y. 2001) (permitting amendment to add a claim after close of discovery); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990)(finding no undue prejudice where plaintiff amended complaint for a third time, based on facts learned during discovery, after close of discovery and three years after the original complaint was filed). Accordingly, Defendants cannot establish undue delay or dilatory motive by Plaintiff.

---

[1] Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either rule. Clarke v. Fonix Corp., 98 Civ. 6116(RPR), 1999 WL 105031 at *6 (S.D.N.Y. March 1, 1999) (internal quotation omitted), aff'd, 199 F.3d 1321 (2d Cir.1999). Accordingly, Plaintiff has set forth ther analysis herein under Rule 15(a). See Banco Central Del Paraguay v. Paraguay Humanitarian Found., Inc., 01 Civ. 9645(JFK)(FM), 2003 WL 21543543 at *2 (S.D.N.Y. July 8, 2003) (standard for adding parties under Rule 21 is the same as that under 15(a) for other amendments); Velez v. Fogarty, No. 06 CIV.13186 LAKHBP, 2008 WL 5062601, at *4 (S.D.N.Y. Nov. 20, 2008) (same).

**B. Allowing Plaintiff To Amend Their Complaint Will Not Cause Any Prejudice To Defendants.**

There is no undue prejudice to Defendants by allowing Plaintiff to amend her Complaint, as discovery has just closed, summary judgment briefing has not yet begun. These factors do not constitute "undue prejudice" within this district. Indeed, "[u]ndue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting State Teachers Retirement Bd v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of leave to amend sought promptly after learning new facts, where no trial date had been set, no summary judgment motion had been filed and where the amendment will not involve a great deal of additional discovery).

The non-moving party bears the burden of demonstrating that "substantial prejudice would result if the proposed amendment were granted." Oneida Indian Nation of N.Y. State v. Cty. of Oneida. N.Y., 199 F.R.D. 61, 77 (N.D.N.Y. 2000).  Here, Defendants will not be able to meet that burden. This case will not be significantly delayed as a result of Women Clothing Wholesale, Inc and Heydari NY, LLC as named defendants, and at most, only minimal discovery will need to be conducted. However, it is well settled that limited discovery is insufficient to defeat Plaintiff's motion to amend. See U.S. ex rel. Mar. Admin. v. Continental Ill. Nat'l Bank & Trust Co. of Chi., 889 F.2d 1248, 1255 (2d Cir. 1989)) (holding that, "[i]n any event, even if additional, limited discovery is required, 'the fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading'"); Lin v. Toyo Food, Inc., 2016 U.S. Dist. LEXIS 114766 (S.D.N.Y. 2016) (holding defendants fell well short of establishing undue prejudice through arguments that the proposed amendment would 'further extend the already-lengthy duration of this [case],' and they would be forced to expend additional resources on discovery, when no motions for summary judgment had been filed or a trial date set). Accordingly, cannot demonstrate undue prejudice.

**C. Plaintiff's Amendment Is Not Futile, Since Plaintiff Has Adequately Alleged That Defendant Ms. Heydari Identified Corporate Entities Used to Operate her business.**

Courts may deny motions to amend where "the proposed amended complaint would fail to state a claim on which relief could be granted." Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). In making this determination, courts accept all facts alleged by the moving party as true, and construe any ambiguities in favor of the moving party. Goldberg v. Roth, 99 Civ. 11591 (BSJ), 2001 U.S. Dist. LEXIS 20932, at *9 (S.D.N.Y. Dec. 13, 2001). Furthermore, "unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." Id., at *20 (S.D.N.Y. 2001). Here, Plaintiff's proposed amendment is not futile since, based on the testimony of Defendant Ms. Heydari, Plaintiff has adequately alleged a claim against Women Clothing Wholesale, Inc and Heydari NY, LLC.

We thank the Court for its time and attention to this matter

Defendants are directed to file a response by **July 24, 2024**.

Respectfully Submitted,

Dated: July 22, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*                    *Diego Barros*

Diego Barros, Esq.

JESSICA G. L. CLARKE
United States District Judge

cc:    Adam X. Dong, Esq. (Via ECF)