UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QIUHUA ZHOU,

                     Plaintiff,

    -v-

HEYDARI INC. d/b/a HEYDARI FASHION d/b/a HEYDARI DC; LOWAN FASHION, INC.; MARIAM HEYDARI; and ZHONGXIN WANG,

                     Defendants.

CIVIL ACTION NO.: 23 Civ. 3247 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

    The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 64), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 67), proposed settlement agreement (ECF No. 67-1), damages calculation (ECF No. 67-2), and plaintiff's counsel's billing records along with his costs/expenses (ECF No. 67-3) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

    "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). "To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award." Id. "In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the

work done." Id.  (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir.1983)).

Although the Agreement contemplates an allocation of attorneys' fees to Plaintiff's counsel, Plaintiff failed to submit a retainer agreement, which is required for the Court to review the proposed settlement.  See Puma v. Dream Team Partners LLC, No. 19 Civ. 9824 (SLC), 2021 U.S. Dist. LEXIS 142741, at *2 (S.D.N.Y. July 30, 2021) (citations omitted); see also Reyes v. Jsd Constr. Grp., Inc., No. 21 Civ. 3406 (BCM), 2022 U.S. Dist. LEXIS 80526, at *2 (S.D.N.Y. May 3, 2022) (directing plaintiff to produce "copies of (i) plaintiff's counsel's retainer agreement and/or contingency fee agreement; (ii) plaintiff's counsel's contemporaneous time records; and (iii) documentation of plaintiff's expenses").

In addition, Plaintiff failed to provide invoices or receipts in support of their assessment of "Costs & Expenses" listed in Exhibit 3, which is also required for the Court's evaluation of the proposed settlement.  See Suriel v. Cruz, No. 20 Civ. 8442 (VSB) (SLC), 2022 WL 1750232, at *18 (S.D.N.Y. Jan 10, 2022) (recommending denial of an award of costs where a party failed to submit receipts to substantiate their requested amount of costs).

Accordingly, by **Monday May 12, 2025**, Plaintiff's counsel shall submit the retainer agreement and costs documentation corresponding with the requested amount of costs.

Dated:      New York, New York
            May 6, 2025

                              SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**