UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QIUHUA ZHOU,

                Plaintiff,

-v-

HEYDARI INC. d/b/a HEYDARI FASHION d/b/a
HEYDARI DC; LOWAN FASHION, INC.; MARIAM
HEYDARI; and ZHONGXIN WANG,

                Defendants.

CIVIL ACTION NO.: 23 Civ. 3247 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 64), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 67 (the "Motion")) and proposed settlement agreement (ECF No. 67-1 (the "Agreement")),[1] damages calculation (ECF No. 67-2), retainer agreement (ECF No. 69-1), and Plaintiff's counsel's billing and costs records (ECF Nos. 67-3; 69-2) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). In addition, Plaintiff has expressed serious concerns about collectability and has agreed to an installment payment schedule, which "militates in favor of

---

[1] In response to the Court's Order (ECF No. 70), Plaintiff's counsel provided proof of translation of the Agreement into Plaintiff's primary language, Chinese. (ECF No. 71).

finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "guarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").]

Having carefully reviewed the Motion, the Agreement, and accompanying exhibits, and having participated in a lengthy conference that led to the settlement (ECF No. 62), the Court finds that all the terms of the Agreement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  While the Agreement includes a general release (ECF No. 67-1 ¶ 7), the Court observes that the release is mutual (id.) and that, in addition to her wage-and-hour claims, Plaintiff had also asserted retaliation and discrimination claims (ECF No. 44), such that a broader release "makes sense in order to bring complete closure." Souza, 2015 WL 7271747, at *5.  With respect to the allocation of attorneys' fees, the Court has both (i) reviewed Plaintiff's Retainer Agreement with counsel and determined that there is no indication of any overreaching or deceptive conduct and that the 40% contingency arrangement with Plaintiff was "fair to [P]laintiff and reasonable at the time it was made," Puerto v. Happy Life Home Health Agency Inc., No. 23 Civ. 4915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023), and (ii) reviewed Plaintiff's counsel's billing records, from which the Court has determined that the hourly rate and hours expended were both reasonable. Huggins v. Chestnut Holdings Inc., No. 18 Civ. 1037 (PAC), 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5,

2022). In addition, using "the lodestar method as a cross check[,]" Santos v. YMY Mgmt. Corp., No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (cleaned up), the Court observes that the awarded amount of attorneys' fees--$35,000.00—is "less than Plaintiff's counsel's stated lodestar" of $43,182.50. Fuentes v. Highgate Cleaners Inc., No. 20 Civ. 3925 (OTW), 2022 WL 14717835, at *2 (S.D.N.Y. Oct. 25, 2022); see Hawkins v. Hagler, No. 21 Civ. 8404 (VR), 2025 WL 1024522, at *3 (S.D.N.Y. Apr. 7, 2025) (approving attorneys' fees of approximately 40% of settlement amount where that amount was less than lodestar calculation). Finally, Plaintiff's counsel has provided invoices substantiating their request for costs. (ECF Nos. 67-3 at 8; 69-2).

Accordingly, the Court approves the Agreement. This action is dismissed with prejudice and without costs except as may be stated in the Agreement. The Court retains jurisdiction to enforce the Agreement. Any pending motions are moot. The Clerk of Court is respectfully requested to close ECF No. 67, mark it as "granted," and close this case.

Dated:     New York, New York
           May 15, 2025

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**
